## Gross *versus* Reddig.

*Husband and wife.—Indebtedness between, when valid.—Right of husband to secure alleged debt due to wife.— Competency of witnesses.*

1. Where, prior to the Act of 1848, money belonging to a wife was received by her husband, used by him and mingled with his own as part of his capital in trade, her claim cannot be asserted to the exclusion of the just rights of his creditors.

2. Where property claimed by a wife is attached for the debt of her husband, he is not a competent witness for the garnishee on the trial of the attachment.

ERROR to the Common Pleas of *Lancaster county*.

On the 26th of June 1860, three attachments in execution were issued against John W. Gross, defendant, and John H. Gross, garnishee, on three judgments; two of them obtained by Jacob Reddig, and one by the Inland Insurance Company, which was assigned to Jay Cadwell. The three cases were tried together by consent, and verdicts and judgments taken in all of them for the respective plaintiffs *pro rata*. To one of these judgments this writ of error was taken.

It appeared on the trial, that on the 10th of March 1857, John W. Gross, the defendant, being then indebted to the plaintiffs to the amount of about $6000, and confessedly insolvent, was the owner of a store of dry goods, which he on that day sold to his son, John H. Gross, the garnishee, for the consideration of $5000; in payment of which he took two bonds, one conditioned for the payment of $2000 to himself, and the other for the payment of $3000 to Sarah Gross, his wife. The bond to John W. Gross appeared to have been paid; that to Sarah Gross remained due; and the plaintiffs in the attachments claimed to recover the amount of the bond, to be divided between them in proportion to the amount of their claims against him.

[Gross v. Reddig.]

The defence set up was that John W. Gross had, after his marriage, some twenty years ago, received money from different sources in right of his wife, amounting in the whole to about $3000; and it was alleged that at the time when he received it, he declared that he took it as a loan, and held it in trust for his wife; and it was contended that she was therefore a *bonâ fide* creditor, whom he had a right to prefer by taking the bond in question in her name, for her use.

The question at issue was therefore a controversy between the wife of John W. Gross and his attaching creditors; it being alleged on the one side that the money confessedly due by her son was hers, and on the other that it was liable to attachment for the father's debts.

It appeared that Mrs. Gross's share in her father's estate amounted to about $3000, nearly the whole of which was in the hands of her guardian, Martin Swarr, and by him paid over to John W. Gross, after the marriage. There was no evidence that at the time of receiving this money, or at any time before or after, Gross made any declaration in regard to it, or gave any information that he received it in trust for his wife, or in any other way than by virtue of his marital right.

In 1844, John W. Gross purchased a plantation, and took the conveyance in his own name, and paid for it in part with the money he received in right of his wife.

On the trial, the garnishee offered John W. Gross as a witness to prove that when he received the share of his wife in her father's estate, he did not convert it to his own use; that he told her guardian, from whom he received it, that he took it as her own estate, and would hold it for her, and when she wished, would pay it over to her or give her satisfaction for it, which he repeated at different times to her and others; and that he had directed his son John to deliver to her the bond for $3000, to secure the said share of his father's estate. But the court below overruled the offer.

Under the instruction of the court (HAYES, P. J.), there was a verdict and judgment in favour of the plaintiff; whereupon this writ was sued out by the garnishee, for whom the rejection of the offer above mentioned, and the instruction of the court below, were assigned for error.

*James L. Reynolds* and *J. E. Hiester*, for plaintiff in error.

*T. E. Franklin* and *O. J. Dickey*, for defendant.

The opinion of the court was delivered, July 1st 1863, by
LOWRIE, C. J.—It was many years before the Married Woman's Act of 1848, that Gross received in money of his wife's

[Gross *v.* Reddig.]   ·

share of her father's estate, and therefore, in strict law, it was
his own money.   It is only in equity that his wife's title can be
restored or preserved: and we do not see how equity could do
it, after the husband has used it for so many years as his own
and mingled with his own, as part of his capital in trade.   It
all seemed to be pledged to the success of his business, and we can-
not comprehend an equity that would allow the wife's claims to be
asserted to the exclusion of the just right of the husband's credit-
ors.   If the husband's business had continued successful, we
suppose that the wife's claim would never have been thought of.

Nor was the husband a competent witness for her.   And it was
for *her* he was offered.   It was her claim that was attached, and
for it that the garnishee was defendant.   He was bound to defend
it as well as he could, or to give her notice to defend it herself.
It is only *personally* that she is not a party; in interest she is
defendant, for the title to her property is on trial.   The gar-
nishee could not make her a witness for herself, by not giving
her notice so as to make her a formal party to the suit.   And
as she cannot be a witness, so neither can her husband be.

We find no error in the trial.

Judgment affirmed.