ZACHARIAH BELL v. B. H. THROOP ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY.

Argued February 24, 1891—Decided March 9, 1891.

(a) On April 10, 1876, Fisher obtained a judgment against Tobias, then
in possession of real estate as a purchaser from Throop under articles
of agreement. On April 17th, judgment in ejectment for unpaid pur-
chase money was confessed to Throop, and on May 2d, possession given
him on habere facias:

1. In ejectment by a purchaser at a subsequent sheriff's sale on the Fisher
judgment, the confession of the judgment in ejectment to Throop was
not evidence of fraud on the creditors of Tobias, in the absence of evi-
dence that Throop had knowledge of the intention of Tobias to defraud.

2. The testimony of the wife of Tobias, offered to corroborate that of her
husband, to the effect that the judgment in ejectment was confessed be-
cause his creditors were crowding him, was inadmissible, being offered
to show the husband's turpitude, for which she was incompetent.

3. A petition of Tobias for an order to open the Fisher judgment and to
stay the writ issued thereon, was irrelevant, as the mere acts and dec-
larations of Tobias, after the transaction, were insufficient to connect
Throop with the alleged fraud upon the creditors of Tobias.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and
MITCHELL, JJ.

No. 195 July Term 1890, Sup. Ct.; court below, No. 303
August Term 1879, C. P.

On November 1, 1877, Zachariah Bell brought ejectment
against B. H. Throop and H. W. Tobias, for a lot of ground
in Scranton city. Issue.

At the trial on January 13, 1890, the plaintiff adduced evi-
dence of title in Tobias in 1876, under a contract of sale with
B. H. Throop, as the attorney in fact of Price and Pancoast,
and put in evidence the record of a judgment entered on
April 10, 1876, for $313.60, in favor of George Fisher, assignee
of Whitmore Brothers; execution process, a sheriff's sale of the
premises in dispute, and deed therefor to the plaintiff dated
September 24, 1877. The record of the Fisher judgment
showed that on May 30, 1877, a rule on the petition of Tobias,

Charge of Court below. .

to show cause ·why the judgment against him should not be opened and the execution then pending stayed, was discharged.

In the defendants' case, a record was put in evidence, showing that on April 17, 1877, H. W. Tobias had confessed judgment in favor of B. H. Throop, in an amicable ejectment for the premises in dispute, to be released on payment of $570, balance of purchase money, on or before April 28, 1877 ; also, the execution, on May 2, 1877, of a writ of habere facias, issued April 30, 1877, putting Throop in possession.

In rebuttal, the plaintiff Bell put in evidence a deposition of H. W. Tobias, who was making no defence to the suit, and testified, inter alia, that when the property in dispute was being advertised at sheriff's sale on the Fisher judgment, Throop said to him that if he would get the judgment opened and give him, Throop, a confession in ejectment, he would pay him a specified sum of money.  On cross-examination, he stated that the only reason he confessed the judgment in ejectment to Throop was that other parties were crowding him, and Throop promised him the money.

The plaintiff offered, also, the deposition of M. A. Tobias, wife of the former witness, "for the purpose of showing collusion" between B. H. Throop and her husband.  The offer being objected to, it was refused.[3]

The plaintiff then offered the petition of H. W. Tobias for the opening of the Fisher judgment, "to corroborate the testimony of Tobias that he applied at the instance of Mr. Throop." The offer being objected to, it was refused.[4]

In sur-rebuttal, Throop denied that he had solicited Tobias to apply to have the judgment opened, etc., or that he had agreed to give Tobias money, if he would confess the judgment in ejectment to him.

At the close of the testimony, the court, GUNSTER, J., charged the jury in part as follows :

. Upon the part of the plaintiff, it is alleged that this amicable action of ejectment was fraudulent, was entered into with the intent to hinder, delay and defraud the creditors of Henry W. Tobias.  Upon the part of the defendants, the allegation of fraud is denied, and it is alleged by the defendants that the amicable action of ejectment was entered into in good faith.

And they agree that the contract was long past due, and if the evidence is to be believed, the contract was some years past due. The evidence is that it was entered into in 1869; the last payment became due, under the testimony of Dr. Throop, which is the only testimony bearing upon that question, in 1874, and this amicable action of ejectment, between Price and Pancoast and H. W. Tobias, was not entered into until 1877, three years, perhaps some months more or less; the precise date of the contract was not given, or at least I do not recollect it, but nearly three years had elapsed before this amicable action of ejectment was entered into.

[Now, so far as the right of the parties to enter into an amicable action of ejectment on a contract for the purchase of land is involved, there can be no doubt about it. Those things are done every day in this commonwealth. It is a proper and legitimate way of doing business. It is similar to a confession of judgment in a note. It is done almost daily and hourly by all kinds of men doing business.] [1]  But, while men have a right to enter into an amicable action, they have no right to enter into such actions for the purpose of defrauding anybody else; and the vital question in this case is, whether or not this amicable action of ejectment between Price and Pancoast, upon the one side, and H. W. Tobias on the other, was entered into with the intention of hindering, delaying or defrauding the creditors of Tobias. If it was, then the judgment is thoroughly null and void, so far as those creditors are concerned; but if it was not, then the judgment is valid, and it should be given its full force and effect.

Now, the rule is that the burden of proving the fraud is upon the party that alleges it. Fraud is alleged by the plaintiff in this case. Therefore, the burden of proving the fraud is upon the plaintiff, and he must prove the fraud by the fair weight of the evidence. You have heard the testimony of Mr. Tobias read. It is for you to say whether or not that testimony bears the construction put upon it by counsel for plaintiff. You have heard the testimony of Dr. Throop, which is directly contradictory to that of Tobias. It is for you to say which tells the truth. If there is any conflict in the testimony, it is for you to harmonize it if you can, and from the evidence which you believe to find the facts. If you find from the weight of the evidence that

Arguments.

this amicable action of ejectment was entered into in good faith, then your verdict should be in favor of the defendants. If you find that it was entered into with the intention of hindering, delaying or defrauding the creditors of Tobias, not only by Tobias himself, but by Dr. Throop, who was acting as the agent of Price and Pancoast, then your verdict should be for the plaintiff. Dr. Throop must have been a party to that intended fraud; no matter what Tobias intended, if Dr. Throop had no such intention, then Tobias's fraud would not be binding upon Price and Pancoast. Dr. Throop must have been a party to such fraudulent intent himself. . . . .

[There is evidence in the case that Dr. Throop was to pay Tobias something, in case he got this confession of judgment. Now, that of itself, gentlemen of the jury, is not enough. A man may be willing to pay another for a confession of judgment. You must find more than an agreement upon the part of Dr. Throop to pay Tobias, in case he got this amicable confession of judgment. You must find that Dr. Throop obtained it with the intent to defraud, hinder or delay the creditors of Henry W. Tobias. Tobias himself may have signed this instrument with the intent to defraud his creditors, and Dr. Throop not know anything about it. Dr. Throop may have even promised to pay money, but he may have promised to pay the money without any intent to cheat and defraud the creditors. The important question in the case, as I have already stated is, did they enter into this agreement with the intent to cheat, hinder or delay the creditors of Henry W. Tobias? If they did, then the plaintiff is entitled to recover. If they did not, then your verdict should be in favor of defendants.] [2]

—The jury returned a verdict in favor of the defendants. A rule for a new trial having been discharged and judgment entered, the plaintiff took this appeal, assigning for error:

1, 2. The portions of the charge embraced in [ ] [1] [2]

3, 4. The refusal of the plaintiff's offers.[3] [4]

*Mr. J. M. C. Ranck*, for the appellant.

Counsel cited: Forrester v. Hanaway, 82 Pa. 218; Miles v. Lewis, 115 Pa. 580; Sweetzer's App., 71 Pa. 264; Bunn v. Ahl, 29 Pa. 387; Stahle v. Spohn, 8 S. & R. 317; Young v. Algeo, 3 W. 223.

*Mr. E. N. Willard* (with him *Mr. Everett Warren* and *Mr. H. M. Edwards*), for the appellees.

Counsel cited: Damon v. Bache, 55 Pa. 67.

PER CURIAM:

The question of fraud and collusion between Throop and Tobias to hinder and delay the creditors of the latter, was submitted to the jury under proper instructions. The entry of the amicable action of ejectment was not evidence of fraud. As the learned judge instructed the jury, it is an every-day transaction. If we concede that Tobias intended a fraud, it would not affect Dr. Throop unless the knowledge of it was brought home to him. In other words, he must have participated in it. The mere acts or declarations of Tobias, after the transaction, would not be sufficient to connect Throop with the alleged fraud. Hence it was not error to reject the petition of Tobias for opening the judgment. At most, it was his ex parte declarations. Nor was it error to reject the deposition of Mrs. Tobias. It was offered to show her husband's turpitude. While he might be willing to admit it, his wife was not a competent witness to prove it. She was testifying directly against her husband.

Judgment affirmed.