# Keath *v.* Shiffer, Appellant.

*Husband and wife—Alienation of wife's affections—Criminal conversation—Evidence.*

A husband may maintain an action against one who has wrongfully induced his wife to separate from him, and it is not necessary in order to sustain such an action, that the plaintiff should either allege or prove criminal conversation. In such a case the jury may be properly instructed that in estimating the damages, they could take into consideration the social relations of the parties and the apparent affection existing between husband and wife before the separation.

Where the plaintiff in such a case has offered evidence as to the conduct of the parties prior to the separation, laying a reasonable ground to infer an improper relation then existing between them, testimony as to their relations after the separation is admissible in order to render certain the inference to be drawn from the prior conduct.

Under the Act of May 8, 1907, P. L. 184, in an action of crim. con. by a husband, the wife is a competent witness to rebut an attack upon her character or conduct. The statute does not make the wife generally competent as a witness in such actions, but only in regard to the matter of her character or conduct.

Argued Nov. 13, 1908. Appeal, No. 60, Oct. T., 1908, by

defendant, from judgment of C. P. Lancaster Co., June T., 1907, No. 32, on verdict for plaintiff in case of Edwin Keath v. Abner K. Shiffer. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Reversed.

Trespass to recover damages for alienation of a wife's affections. Before Hassler, J.

When Abner K. Shiffer was on the stand he was asked this question: "Q. State whether or not the plaintiff here, Mr. Keath, called upon you either at your office or place of business or your house where your mother was after his separation from his wife."

Mr. Musser: That is objected to for the same reason that we objected to Mrs. Keath. It is irrelevant.

The Court: That is disallowed.

Defendant excepts. Bill of exceptions signed and sealed. [8]

Defendant offered to prove by Mrs. Sadie Keath that the separation of herself and her husband, the plaintiff, was caused by other reasons than any alleged intimacy between her and the defendant.

Objected to by plaintiff on account of the incompetency of the witness to testify to those facts.

The Court: The objection is sustained. Exception. [9]

Defendant also offers to prove by Sadie Keath, wife of the plaintiff, that the plaintiff never charged or accused her of any criminal relation or intimacy with the defendant before separation.

Objected to by plaintiff on account of the incompetency of the witness to testify to these facts.

The Court: The objection is sustained. Exception. [10]

Thomas Keath, a witness called by plaintiff, was asked this question: "Q. You are acquainted with Edwin Keath, you say, and have been for a long time. What is his social standing in the community in which he lives?

Objected to by defendant.

The Court: Let him answer. Exception. [11]

The court charged in part as follows:

It has been shown on the part of the plaintiff that he and his

wife were living together at White Oak, or Penryn, in this county, happily, and early in January, 1907, they separated. It was shown in the plaintiff's behalf that the defendant came to his house frequently, both when he, the plaintiff, was at home and when he was not at home; and that she went to the home and place of business of defendant frequently; that on one occasion a witness saw them standing together at the fence in front of her house at night; that on another occasion she sat on his lap; and on another occasion while sitting together on the porch he got close to her and put his hands on her and pinched her; that he took her driving in company with other people; and that on one occasion she was at his place of business late at night. [It has also been shown that since the separation a witness called on behalf of the plaintiff saw the defendant and the plaintiff's wife in a compromising position in a dark room in a house near Schaefferstown, Lebanon county, and that after she left plaintiff's house she stayed at a hotel in Lititz where the defendant on several occasions called on her and took walks with her. It has also been shown that since August, 1907, she is living at the home of defendant.] [17]

The defendant testifies that nothing improper occurred between them at the house in Lebanon county, and that he did not call on the plaintiff's wife but once while she was at Lititz, and that for the purpose of subpœnaing her as a witness. Other people were in the room of the house in Lebanon county, and they have been called and say they did not see anything improper between the defendant and the plaintiff's wife on that occasion. If you find from the testimony that there were improper relations between them at that time, you can only consider it in connection with the testimony of what transpired between the defendant and plaintiff's wife before the separation. It could not have been the cause of the separation because it occurred after the separation had taken place, but as I have said it may be considered by you in connection with the testimony of the other acts which did occur before the separation, so as to aid you in interpreting that previous conduct between the parties, and to render that which has been left doubtful in your minds certain. If you do not find the

testimony as to the acts and relations between the parties is such as to justify your belief that there were any such acts as would lead to the alienation of the affections of the plaintiff's wife, then of course this testimony should not be considered by you.

The defendant denies any improper relations existed at any time between him and the plaintiff's wife, or that he alienated her affections. He is corroborated in most if not all particulars by other witnesses. He explains his visits to the home of plaintiff and his wife and her visits and being at his place of business by the fact that she was employed by him to strip tobacco, to help pack cigars, and to stamp the boxes.

[You will consider all the testimony, and are not bound by my recollection of it, and if from it all you are satisfied that the defendant did alienate the affections of plaintiff's wife from him, even though you are not satisfied he had carnal knowledge of her, your verdict should be in favor of the plaintiff. But if you find he did not alienate her affections from her husband, then your verdict should be in favor of the defendant.] [1]

[If you should find that the defendant has been the cause of the separation of plaintiff and his wife, the plaintiff is entitled to recover damages at your hands. What these damages are depends upon your discretion, as you are presumed to have knowledge of what would compensate the plaintiff for the loss of the love, services, society and comfort of his wife, and, in arriving at this conclusion, you must consider the position and circumstances in life of both the plaintiff and defendant, and the previous relations of the plaintiff and his wife, that is, before the separation.] [7] In this connection I direct you to disregard the testimony of the plaintiff as to what the relations were between himself and wife before the separation, as it was improperly admitted.

Plaintiff presented these points:

1. If the jury believe from all the evidence that the defendant by his conduct with Mrs. Sadie Keath caused her to separate from her husband it was not necessary to prove illicit intercourse. *Answer:* This point we affirm. We have already told you that in the charge. [2]

Defendant presented these points:

1. Under the statement and pleadings in this case, there can be no recovery, unless the defendant and the plaintiff's wife were guilty of illicit intercourse previous to the separation on January 10, 1907, and which caused the separation. *Answer:* Refused. [3]

2. There is no proof that the defendant was guilty of sexual intercourse, or fornication with Mrs. Keath, previous to the time of the separation on January 10, 1907, and, therefore, there can be no recovery on the part of the plaintiff. *Answer:* Refused. [4]

3. In order to recover, in an action of this kind, there must be convincing proof of illicit intercourse between the plaintiff's wife and the defendant previous to the time of the separation. *Answer:* Refused. [5]

4. If their separation was caused by anything else, or for any other reason than that of criminal relation, the verdict must be in favor of the defendant. *Answer:* Refused. [6]

Verdict and judgment for plaintiff for $250. Defendant appealed.

*Errors assigned* among others were (1–6, 8, 17) above instructions, quoting them; (7–11) above instructions, quoting the bill of exceptions.

*B. F. Davis,* for appellant.—The court below in their charge to the jury held that it was not necessary to show criminal knowledge on the part of the plaintiff's wife with the defendant, or that the jury should be "satisfied he had criminal knowledge of her" in arriving at a verdict in this case: Wood v. Mathews, 47 Ia. 409; Bigaouette v. Paulet, 134 Mass. 123; Yundt v. Hartrunft, 41 Ill. 9; Bedan v. Turney, 99 Cal. 649 (34 Pac. Repr. 442); Egbert v. Greenwalt, 44 Mich. 245 (6 N. W. Repr. 654); Sherwood v. Titman, 55 Pa. 77; Evans v. O'Connor, 174 Mass. 287 (54 N. E. Repr. 557); Macfadzen v. Olivant, 6 East, 387.

During the progress of the trial, the defendant called the wife of the plaintiff as a witness in his behalf. The court be-

low held that she was not a competent witness for anything, although the record does not specifically show that fact. We therefore offered to call her for the purposes set forth in the said assignment, and we think the court below was in error in rejecting our offers: Act of assembly of May 8, 1907, P. L. 184; Bigelow v. Sickles, 75 Wis. 427 (44 N. W. Repr. 761); Ratcliff v. Wales, 1 Hill (N. Y.), 63; Evans v. O'Connor, 174 Mass. 287 (54 N. E. Repr. 557).

*M. E. Musser,* for appellee.—The fact of adultery may be and usually is proved by circumstantial evidence: Silvernali v. Westerman, 2 Kulp, 7; Cornelius v. Hambay, 150 Pa. 359.

In this case, plaintiff's wife was called by defendant manifestly to testify against the interests of her husband. There is no doubt, therefore, that under this act, plaintiff's wife was not a competent witness: Cornelius v. Hambay, 150 Pa. 359.

In an action for alienation of affections it is proper for the jury to consider the social relations of the parties: Matheis v. Mazet, 164 Pa. 580.

Evidence of improper intimacy of defendant with plaintiff's wife after her separation or divorce from her husband, may be given in connection with proof of acts prior to the separation or divorce, alleged to show improper intimacy: Sherwood v. Titman, 55 Pa. 77; Silvernali v. Westerman, 2 Kulp, 7; Gardner v. Madeira, 2 Yeates, 466.

OPINION BY PORTER, J., December 7, 1908:

The gravamen of this action, as set forth in the statement filed by plaintiff, was the alienation of the affections of the wife of the plaintiff and causing her to desert and abandon him. The statement did not aver that there had been criminal conversation between the wife and the defendant, although it did state that on two occasions they were seen under such circumstances "as to warrant the conclusion that improper relations existed between them." This amounted to nothing more than an averment of certain facts, followed by a statement that these facts were sufficient to warrant the inference of another fact, but it was not the equivalent of specifically

charging the defendant with criminal conversation. The parties went to trial upon the statement which only sufficiently averred that the defendant had wickedly and intentionally alienated the affections of the wife of the plaintiff, and had persuaded her to desert and abandon him. That a husband may maintain an action against one who has wrongfully induced his wife to separate from him and that a wife has a like right against one who has intentionally induced her husband to abandon her is well settled: Gernerd v. Gernerd, 185 Pa. 233; Reading v. Gazzam, 200 Pa. 70. It is not necessary, in order to sustain such an action, that the plaintiff should either allege or prove criminal conversation. The distinction between this class of cases and those in which criminal conversation is the gist of the action is illustrated by Gilchrist v. Bale, 8 Watts, 355. The first, second, third, fourth, fifth and sixth specifications of error are dismissed.

The instruction of the court that the jury, in estimating the damages, should take into consideration the social relation of the parties, and the apparent affection existing between the husband and wife, before the separation, was free from error: Matheis v. Mazet, 164 Pa. 580. The seventh specification is overruled.

The offer of the defendant to prove by Mrs. Keath, the wife of the plaintiff, what occurred at the time she and the defendant rode with Mr. Witmyer was improperly rejected. The testimony of Henry Witmyer, as to what occurred at the time in question, was manifestly offered for the purpose of leading the jury to infer that the relations between Mrs. Keath and the defendant were improper, and the appellee has printed the testimony of Witmyer in full in his paper-book with the other evidence which he there argues was sufficient to sustain a finding that the defendant and the wife of the plaintiff had committed adultery. That this testimony involved an attack on the character and conduct of the wife of the plaintiff would seem to be too clear for argument. The Act of May 8, 1907, P. L. 184, provides: "That in all civil actions brought by the husband, the wife shall be a competent witness in rebuttal, when her character or conduct is attacked upon the trial

thereof, but only in regard to the matter of her character or conduct." The effect of this statute is to make the wife a competent witness to rebut the attack upon her character or conduct, when her character or conduct is attacked upon the trial of an action brought by her husband. This statute does not make the wife generally competent as a witness in such actions, but only in regard to the matter of her character or conduct. The eighth specification of error is sustained. The offer of evidence, the rejection of which is the foundation of the ninth specification of error, was too broad, in that it would have permitted Mrs. Keath to testify to matters other than those regarding her own character and conduct. The ninth specification is, therefore, dismissed, as is also the tenth specification, for the same reason.

The testimony as to the relations between the defendant and the wife of the plaintiff, after the separation of the latter from her husband, was admissible for the purpose of interpreting their conduct previous to the separation. The plaintiff had offered evidence as to the conduct of the parties prior to the separation, laying a reasonable ground to infer an improper relation then existing between them, and testimony as to their relations after the separation was admissible in order to render certain the inference to be drawn from the prior conduct: Sherwood v. Titman, 55 Pa. 77.

The judgment is reversed and a venire facias de novo awarded.