## Schreiber, Appellant, *v.* Schreiber et al.

Argued September 30, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Warren H. Van Kirk,* with him *Patrick J. Corr* and *Francis L. McFarren,* for appellant.—The husband could not be a conspirator to alienate his own affections, and the testimony of the wife was not against him: Com. v. Moody, 79 Pa. Superior Ct. 412; Com. v. Bricker, 74 Pa. Superior Ct. 234.

*Charles B. Prichard,* for appellees.—The conspiracy is alleged to have continued after the husband was induced to join and assist in its consummation: Dunlap v. Brown, 9 Westmoreland L. J. 8.

OPINION BY MR. JUSTICE DREW, November 28, 1932:

Plaintiff brought this suit against her husband's father and mother to recover damages for alienation of the affections of her husband, their son. The trial judge granted a compulsory nonsuit for want of sufficient evidence to support plaintiff's claim. After argument before the court in banc, plaintiff's motion to take off the nonsuit was refused, and plaintiff appealed from the judgment entered against her, assigning as error the action of the trial judge in sustaining objections to her testimony and the refusal of the court below to take off the nonsuit.

At the trial, plaintiff was not allowed to testify as to acts and declarations of her husband's parents, on the ground that the statement of claim alleged a conspiracy between the husband and his parents, and that since the testimony of plaintiff in support of her claim would show the existence of such a conspiracy it was therefore within the condemnation of the statute prohibiting one spouse from testifying against the other. The basis of

the decision is well expressed in the opinion of the learned court below as follows: "In paragraph four ......there was a plain averment of a conspiracy on the part of the defendants, which the plaintiff's husband was induced to join and assist defendants in the consummation thereof. Of course, the plaintiff had no case, unless she established the conspiracy to which her husband was a party. Hence, her testimony was directly against her husband, and was plainly in conflict with the provisions of the Act of 1887, as amended by that of May 10, 1927, P. L. 861, which forbids either husband or wife from testifying against each other, except in certain specific instances, of which this is not one."

We need not consider whether plaintiff would have been incompetent as a witness if the statement of claim had in fact alleged a conspiracy between plaintiff's husband and his parents. The statement of claim charges no such conspiracy, and therefore the ground of incompetency relied upon wholly fails. Paragraph four, in which, it is contended, the charge of conspiracy appears, reads as follows:

"From about the time of the marriage of the plaintiff and the said Harry Schreiber, the father and mother respectively of said Harry Schreiber, the defendants, by a series of actions and carefully prepared plans did wholly alienate the affections of the said Harry Schreiber from his wife, and by their wiles, influences and direct accusations and otherwise cause the said Harry Schreiber to wholly abandon and leave his wife."

The language of this paragraph is plain, and its meaning is clear and unmistakable. The "actions and carefully prepared plans" alleged are those of Harry Schreiber's father and mother alone, not those of Harry and his father and mother. How Harry could join in a conspiracy to alienate his own affections or to cause him to abandon his wife it is difficult to perceive (see Com. v. Bricker, 74 Pa. Superior Ct. 234; Com. v. Moody, 79 Pa. Superior Ct. 412, 419); at all events, the paragraph

makes no charge that he did join therein. The conspiracy alleged, if any, was aimed at him, not participated in by him. Once he was persuaded to abandon plaintiff, the object of the conspiracy was attained, and it was at an end. He was a victim, not a participant. This being true, plaintiff's testimony as to the acts and declarations of her parents-in-law would not have been testimony against her husband, and she was therefore not rendered incompetent by the Act of May 23, 1887, P. L. 158, as amended by the Act of 1927, supra, prohibiting one spouse from testifying against the other. It was therefore error to exclude her testimony on the ground that she was incompetent to testify against her husband.

Since we cannot tell what will be the nature of plaintiff's testimony on a subsequent trial, we need not consider the further contention of defendants that the nonsuit was properly entered on the ground that the tort alleged in the statement of claim was a joint tort but that the evidence failed to establish a tort of that character.

Judgment reversed and a procedendo awarded.