## Haas v. Fitzpatrick, Appellant.

Argued November 21, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*J. A. Welsh,* and with him *F. B. Moser,* for appellant.

*Charles C. Lark,* and with him *Albert Lloyd,* for appellee.

OPINION BY PARKER, J., March 1, 1935:

The plaintiff obtained a judgment in an action of trespass brought against his wife's father to recover damages for the alienation of the affections of the plaintiff's wife. In this appeal the assignments of error concern the right to a judgment n. o. v., or to a new trial.

In view of the conclusions at which we have arrived, we will first consider the assignments of error supporting the defendant's right to a new trial. He assigns as error in this particular the receipt over his objection of a portion of plaintiff's testimony, which it is asserted attacked the character and conduct of the wife. The plaintiff, for the purpose of showing the existence of affection between his wife and him and its subsequent alienation by the evil designs of the defendant, testified that they were married in 1925; that they lived happily together for a time, but after a period of domestic peace and consideration for him upon the part of the wife, she refused without cause to cook his meals or room with him, used unkind words toward him, absented herself from his home, threatened his life, and finally wilfully and maliciously deserted him without justification; and that, notwithstanding his urgent requests, she has refused a reconciliation.

By the Act of May 23, 1887, P. L. 158, §5, cl. (b) (28 PS 316), it is provided: "Nor shall either husband or wife be competent or permitted to testify to confidential communications made by one to the other, unless this privilege be waived upon the trial;" and by cl. (c) (28 PS 317), as amended: "Nor shall husband and wife be competent or permitted to testify against each other," subject to certain exceptions not

here important. That a husband plaintiff in a suit for alienation of his wife's affections is a competent witness for some purposes is definitely settled by the late case of Schreiber v. Schreiber, 310 Pa. 173, 165 A. 41. It therefore becomes necessary to consider the limits of admissible testimony upon the part of a husband in such cases. "At common law husband and wife are incompetent to testify against each other. This rule has never been relaxed; on the contrary, it has been reinforced and guarded from invasion by statutory enactment": Canole v. Allen, 222 Pa. 156, 159, 70 A. 1053. "Restrictions so imposed [cl. (c)] are not subject to the pleasure of the parties or the power of the courts. In such case this court will take notice of the error whether assigned or not": ibid. (p. 158). The rule is not limited to cases to which either spouse is a party: Snyder v. Snyder, 6 Binney 483, 488; Bell v. Throop, 140 Pa. 641, 21 A. 408; Cornelius v. Hambay, 150 Pa. 359, 24 A. 515. These restrictions apply not only when they affect property rights of the other spouse (McBride's Appeal, 72 Pa. 480; Gross v. Reddig, 45 Pa. 406; Moore v. Moore, 165 Pa. 464, 30 A. 932; Alcorn v. Cook, 101 Pa. 209; Pleasanton v. Nutt, 115 Pa. 266, 8 A. 63), but also to testimony reflecting on the character or conduct of the other spouse as, for example, offer to prove adultery on the part of a husband's paramour though it be not directly given against the husband (Cornelius v. Hambay, supra), and where the testimony tends to show moral turpitude, fraud and collusion (Bell v. Throop, supra).

Ulrich's Case, 267 Pa. 233, 109 A. 922, is almost directly in point. There a wife petitioned the court to be declared a feme sole trader, and it became necessary for the wife to show that the husband had deserted his wife or failed to support his wife and children. It was held in an opinion by Mr. Justice (now

Chief Justice) FRAZER that the wife was not a competent witness for that purpose. (By the Amendment of 1927, the wife was made a competent witness in proceedings brought by a wife to be declared a feme sole trader.) It follows that the husband in this cause was not a competent witness to prove a malicious and wilful desertion by his wife, and even more clearly, the testimony of the husband that his wife had threatened his life was not only incompetent but tended to prejudice the jury.

The trial court also sustained the objection of the plaintiff to an offer of the defendant to rebut by the wife's testimony such part of plaintiff's evidence as attacked her character or conduct. The Act of May 8, 1907, P. L. 184 (28 PS 319) is, in part, as follows: "In all civil actions brought by the husband, the wife shall be a competent witness in rebuttal, when her character or conduct is attacked upon the trial thereof, but only in regard to the matter of her character or conduct." "The effect of this statute is to make the wife a competent witness to rebut the attack upon her character or conduct, when her character or conduct is attacked upon the trial of an action brought by her husband. This statute does not make the wife generally competent as a witness in such actions, but only in regard to the matter of her character or conduct": Keath v. Shiffer, 37 Pa. Superior Ct. 573, 580. It being definitely settled, as we have shown, that a charge of wilful and malicious desertion is an attack upon the character and conduct of the wife, it follows that she is a competent witness to rebut such charge or any other evidence that attacks her character or conduct. If on a retrial of the case competent evidence is furnished attacking her character, her evidence as to such matters should be received in rebuttal.

The evidence on the part of the plaintiff showed that Haas and his wife were married in November, 1925,

and that the wife left her home and took up her abode with her father on July 16, 1928, at which time they had two children. It was alleged in the statement of claim not only that the departure of the wife from her husband's home and companionship was induced by the defendant and that she left in July, 1928, but that the defendant thereafter continued to wickedly and wrongfully influence the wife to remain away from her husband and to alienate her affections toward him. Complaint is made of the receipt of testimony with relation to an occurrence a month or more after the separation, and it is urged by the appellant that this could not have been an inducing cause for the separation. This overlooks the fact that the statement specifically alleged a continuation of the efforts of the defendant to promote discord between husband and wife and prevent a reconciliation. In addition, the testimony had a bearing on and was explanatory of the previous conduct of the defendant. As was said in the case of Keath v. Shiffer, supra (p. 580) : "The testimony as to the relations between the defendant and the wife of the plaintiff, after the separation of the latter from her husband, was admissible for the purpose of interpreting their conduct previous to the separation." In this connection we call attention to the distinction pointed out in Stewart v. Hagerty, 251 Pa. 603, 96 A. 1099, where it was held that the rule we have stated would not apply when there was not any evidence of previous conduct to be explained. We are of the opinion that the court did not err in receiving testimony as to the occurrence a few weeks after the separation.

We find no merit in the assignment of error which complains of the refusal of the court to withdraw a juror. While we do not approve the remarks that were made by counsel, they were not serious infrac-

tions and their effect was carefully guarded by the instructions of the court.

The appellant, in support of his claim for judgment n. o. v., urges that the evidence was not sufficient to sustain a verdict, particularly in view of the fact that the defendant was the father and natural protector of his daughter. We have carefully read the record and, while the case is not free from doubt, it is not such a clear case as would have warranted the court in granting a non-suit or giving binding instructions. If we accept the testimony presented on behalf of the plaintiff, as we are required to do in considering this feature of the case, there was evidence from which the jury might have inferred not only that the defendant maliciously and with an evil heart prejudiced his daughter against her husband, but that after she had withdrawn from their common home he prevented a reconciliation. The testimony furnished by the plaintiff with relation to a visit by the defendant and the members of his household to the plaintiff's house at midnight some six weeks or two months after the separation, and defendant discharging a revolver so that a bullet passed within a few feet of the head of the plaintiff, furnished a basis for a conclusion by the jury that the father was not actuated alone by worthy motives in advising his daughter, but that his conduct was wicked and malicious. It will, of course, be understood that this testimony was contradicted by the defendant and his witnesses, but that presented a question for the jury. As we re-read the testimony, the doubt as to the right of defendant to have binding instructions persists. This is not such a clear case as would have warranted summary action upon the part of the court.

Judgment of the lower court is reversed with a venire facias de novo.