## Grove v. Widney

*George S. Black*, for plaintiff.
*William C. Hazlett*, for defendant.

WINGERD, P. J., September 20, 1949.—Plaintiff, John R. Grove, Jr., brought this action in trespass for damages against defendant, John Widney, alleging that defendant had criminal conversation with plaintiff's wife without plaintiff's consent and, as a result thereof, plaintiff suffered and still suffers great emotional distress and mental anguish.

Defendant filed preliminary objections averring that the complaint fails to set forth any action under the laws of the Commonwealth of Pennsylvania, inasmuch as such causes of action have been abolished in this

Commonwealth, citing the Act of June 22, 1935, P. L. 450, as amended by the Act of June 25, 1937, P. L. 2317, 48 PS §170, which reads as follows:

"In all civil causes of action for alienation of affections of husband or wife, except in such cases where the defendant is a parent, brother or sister or a person formerly in loco parentis to the plaintiff's spouse, are hereby abolished: Provided, however, That this section shall not apply to causes of action which have heretofore accrued."

Plaintiff's contention is that his action is based on criminal conversation and not on alienation of affections and that, as the statute speaks only of alienation of affections, it is not within the prohibition of the statute.

There are, according to the A. L. I. Restatement of the Law of Torts §§683, 684 and 685, three distinct causes of action in tort for direct interference with the marriage relation: (1) Alienation of a wife's affections; (2) inducing a wife to separate from or refuse to return to her husband, and (3) criminal conversation. Since removal of disability of married women, a wife may maintain the same actions in tort for direct interference with the marriage relation as the husband: Gernerd v. Gernerd, 185 Pa. 233; Lyon v. Lyon, 197 Pa. 212; 27 Am. Jur. 135, 136, §535; Reading v. Gazzam, 200 Pa. 70.

In 27 Am. Jur. 136, §536, it is said:

"The causes of action for criminal conversation and for alienation of affections are alike in that each arises from the marriage relation and is for a tort against the right to consortium, but they differ in that the latter is for loss of consortium or affection and does not necessarily, although it may, involve such a loss through adulterous intercourse, whereas the former is for the adulterous intercourse or criminal conversation, the alienation of affections and other consequent

injuries to the consortium, such as loss of service, being only matters of aggravation and not necessary to the cause of action. But the two causes of action belong to the same genus and have been regarded as essentially the same and for the same loss, namely, consortium, whether by way of alienation of affections or by criminal conversation. It has been said that criminal conversation is a wilful and malicious injury to both the person and the property of a husband."

In A. L. I. Restatement of the Law of Torts §683, it is said: "c. Separate character of action. Although alienation of affections is usually accompanied by deprivation of other incidents of the marriage relation, it is recognized as itself a sufficient basis for an action for damages. Under the rule stated in section 684, inducing a wife to separate from or to refuse to return to her husband, without the alienation of her affections and unaccompanied by acts of adultery, is sufficient to entitle the husband to damages. So, too, under the rule stated in section 685, an act of adultery with the wife is itself sufficient. Under an appropriate rule of procedure, these three actions may be joined in one; or, in an action for one of these harms, damages may also be recovered for either or both of the others mentioned above. Under the rule stated in this Section, however, an action may be maintained for the mere alienation of affections although it is not accompanied by separation or adultery. . . ."

Alienation of affections and criminal conversation are torts for which the damages recoverable may be the same but are not necessarily so. Alienation of affections is a tort with or without criminal conversation and criminal conversation is a tort with or without alienation of affections. On the other hand, damages for criminal conversation can be recovered in an action for alienation of affections and damages for alienation of affections can be recoverable in an action for a

criminal conversation. In either case, the additional element of injury is termed and considered a matter of aggravation and not a necessary element of the tort for which the action is brought: 27 Am. Jur. 128, §525; 136, 137, §536; A. L. I. Restatement of the Law of Torts §§683k, 685e.

"These actions are separate and distinct and the facts which will support the one will not necessarily support the other, but the two causes of action belong to the same genus and are nearly kin. They have been regarded as essentially the same and for the same loss, namely, consortium, whether by way of alienation of affections or criminal conversation": 27 Am. Jur. 121, §519.

Close as the two actions are allied, they are definitely two distinct and separate actions at law for two separate and distinct torts. The two names are well recognized in the law and designate two definite and distinct causes of action in tort: Keath v. Shiffer, 37 Pa. Superior Ct. 573, 579.

When a statute prohibits the bringing of suits for alienation of affections, it cannot be assumed that actions for criminal conversation are within the purview of such a statute. The Act of June 22, 1935, P. L. 450, as amended by the Act of June 25, 1937, P. L. 2317, 48 PS §170, supra, uses only the term "alienation of affections" and then excepts from its operation cases "where the defendant is a parent, brother or sister or a person formerly in loco parentis to the plaintiff's spouse". These exceptions are obviously made because the law distinguishes between the right of a parent, guardian or kin to interest himself in the marital affairs of a child or relative and the absence of right in a stranger to intermeddle in such affairs. The result of this rule is that there must necessarily be more substance to an action for alienation of affections against such persons than as against a stranger and the proba-

bility of the bona fides of any such action is much greater than those brought against some stranger not related to the family, who may be embarrassed by such action and settle it in order to avoid the publicity of his alleged relations with plaintiff's spouse. A parent or guardian, who naturally is interested in the welfare of a married child, need have no fear of the publicity ensuing from an action based upon his advice to or actions towards a child or ward. The very fact that the statute makes an exception in the case of such persons indicates that criminal conversation was not in the legislative mind. When technical words, having a definite legal meaning, are used in a statute, they are assumed to have been used in the legal sense. Article III, sec. 33, of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §533, provides: ". . . but technical words and phrases and such others as have acquired a peculiar and appropriate meaning . . . shall be construed according to such peculiar and appropriate meaning or definition." Further, as the act in question is in derogation of rights of action which individuals had at common law, it should be construed strictly. In our opinion, an action for criminal conversation is not abolished by the Act of June 22, 1935, P. L. 450, as amended by the Act of June 25, 1937, P. L. 2317, 48 PS §170, supra.

In the instant case the complaint avers only criminal conversation as the gravamen of the action brought and avers no damages except certain expenses and the suffering of emotional distress and mental anguish, without any averments which involve alienation of affections or enticing plaintiff's wife to separate from him or not return to him. The complaint is clearly confined to the tort of criminal conversation and the damages averred are confined to that act alone and include none of the aggravating circumstances, such as alienation of affections or enticing plaintiff's spouse

away from plaintiff, etc. As the statute does not abolish actions for criminal conversation, such an action can properly be brought and, therefore, the preliminary objections filed in the instant case must be dismissed.

Now, September 20, 1949, preliminary objections are dismissed and defendant is given 20 days in which to answer plaintiff's complaint.