## Magee, Appellant, *v.* Magee.

*Divorce—Desertion—Evidence—Separation.*

Where the evidence shows that the libelant refused to support his family, that he was arrested on the charge of nonsupport and an order made against him, that he did not contribute anything in consequence of such order, and that the respondent continued to maintain a home and look after the children, the court will not sustain a libel by the husband for divorce on the ground of his wife's desertion.

Where the weight of the evidence supports the conclusion that the libelant went away voluntarily, probably because of the action of his wife in causing him to be sentenced to contribute to her support, the respondent cannot be considered guilty of constructive desertion and the libel in divorce is properly dismissed.

Submitted Dec. 10, 1918. · Appeal, No. 299, Oct. T., 1918, by libelant from decree of C. P. No. 5, Philadelphia Co., June T., 1917, No. 563, dismissing libel in divorce in case of George L. Magee v. Josephine Magee. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Libel in divorce.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the libel.

*Walter Thomas,* for appellant.

*G. Lawrence Pape, A. S. Longbottom* and *Robert J. Byron,* for appellee.

OPINION BY HENDERSON, J., April 21, 1919:

The appellant filed a libel for a divorce for wilful and malicious desertion. Testimony was taken in support of the action, and in opposition thereto. The master after a review of the evidence recommended that the libel be dismissed. The court approved the recommendation and entered the decree from which this appeal was taken. The parties were living in a rented house in Philadelphia at the time the desertion is alleged to have taken place. They had three children. The complainant contributed little to the support of the family and his wife caused him to be arrested in October, 1906, at which time he was directed to pay to her $10 per week. Having failed to comply with this order, he was rearrested in February, 1907, and at the hearing was

ordered to pay $5 a week to his wife.  After this time
the parties did not live together.  The respondent con-
tinued to maintain the home and look after her chil-
dren.  The plaintiff's account of the desertion is that
at the second hearing on the nonsupport charge the
defendant said she would not live with him thereafter.
He also testified that she ordered him out of the house,
that she packed his clothing, and told him to leave,
whereupon he departed and did not return.  He met
his wife on the street in 1908 and said to her that his
place was at home, but he did not go there nor offer to
contribute anything for the support of the family, with
the exception that for three weeks after the divorce pro-
ceeding was commenced he made small payments under
the order of court.  The plaintiff's testimony is all that
is given in support of the action bearing on the circum-
stances of his departure from his home.  His state-
ments with respect thereto are positively denied by his
wife and two of his children.

In a careful examination of the testimony, we are un-
able to find any facts from which it can be successfully
claimed that the desertion of the wife has been estab-
lished.  It does not appear who held the lease of the
house, but there is an entire lack of evidence that the
appellant was subjected to any compulsion which re-
quired him to leave.  The weight of the evidence sup-
ports the conclusion that he went away voluntarily,
probably because of the action of his wife in causing
him to be sentenced to contribute to her support.  Noth-
ing in the evidence or the careful argument of the
learned counsel for the appellant convinces us that any
error was committed by the master or by the court be-
low in reaching the determination shown by the record.

The appeal is dismissed and the decree affirmed at
the cost of the appellant.