From Lytle F. Perry, Erie, Pa.

---

## Flannery's Petition.

*Husband and wife—Married women—Feme sole trader—Non-support— Act of May 28, 1915.*

1. Under the Act of May 28, 1915, P. L. 639, where a husband has lived separately from his wife for one year or more and has not supported her or their children, the wife is entitled to be declared a *feme sole* trader.

2. In such case, the wife's rights are not defeated because during eight months of the year the husband paid her $10 per month, in pursuance of an order of court, and then only after he had served several months in jail.

Petition of married woman to be declared a *feme sole* trader. C. P. Luzerne Co., Dec. T., 1922, No. 811.

*M. J. Mulhall*, for petitioner; *F. J. Flannery*, contra.

JONES, J.—Rosie Breen Flannery presented a petition to this court, averring that on Jan. 2, 1905, she was married to Patrick Flannery, the respondent, and there was born to them a son, now aged fifteen years; that in August,

1921, he deserted her and since said date they have lived separate and apart and all marital relations between them have ceased; that defendant has neglected to support her and child, and that she has maintained herself and boy by her own industry and from the income of her separate estate, and praying that a decree be made giving her the right and privileges of a *feme sole* trader.

Respondent admits in his answer that since August, 1921, he has lived separate and apart from his wife and that all marital relations between them have ceased; that the separation and severance of marital relations were caused by the cruel, barbarous and inhuman treatment to which he was subjected by his wife; that he was forcibly expelled from his home; also denying that he has failed to support his wife and child and that she has maintained herself and son by her own industry and from the income of her separate estate.

From the testimony and the proof presented upon hearing, the court finds the following

### Facts.

1. That Patrick Flannery and Rosie Breen Flannery, petitioner, husband and wife, have been living separate and apart for one year and more, to wit, since August, 1921.

2. That Patrick Flannery has not supported nor contributed toward the support of his wife and child, but has neglected and refused to provide for both.

3. That the wife, partly by her own industry as a domestic and by reason of a small income from her own separate estate, has maintained herself and child.

### Discussion.

Petitioner and respondent, being incompetent witnesses, were not called. From the testimony it appears that petitioner was previously married to a man named David Breen, who died about twenty-five or twenty-six years ago; during his lifetime they acquired a lot of land eighty feet front on Washington Terrace, and another piece of land fifty feet front on Terrace Street, in Pittston City, the title to both properties being taken in the name of David Breen and Rosie Breen, and upon the death of David Breen the title to the same vested absolutely in Mrs. Breen; after the death of Mr. Breen and before petitioner's marriage to Mr. Flannery, she sold the vacant lot on Terrace Street, and at the time of her marriage to Mr. Flannery was the owner of the real estate aforesaid.

In October, 1920, defendant was arrested for desertion and non-support, and the record of the Court of Quarter Sessions to No. 238, June Sessions, 1920, offered in evidence, discloses that on June 17, 1920, respondent was charged with non-support, in which petitioner appeared as prosecutrix; on June 19, 1920, after hearing, the court sentenced him to pay to his wife the sum of $25 per month and to stand committed until the sentence was complied with; on Oct. 2, 1920, after further hearing, the court ordered him again to support his wife and treat her properly; on Oct. 15, 1920, it appearing to the court that he had failed to comply with the sentence of the court, a *capias* was awarded, and on Oct. 16, 1920, the court ordered him to continue the payment of $25, and hearing was continued for one month. Failing to comply with the sentence of the court, respondent served about two or three months in jail.

4 D. & C.

Flannery's Petition.

In January, 1921, the parties resumed their marital relations and continued to live together until August, 1921, when they separated, the respondent leaving the home and residing with his sister, where he has continued to live ever since, his wife and son remaining in the homestead.

Defendant is employed by the Pennsylvania Coal Company and earned from July 1, 1921, to Dec. 1, 1922, $1450.04, and during said period there is no record of any earnings for the months of April, May, June, July and August of 1922; he was earning on an average of $120 per month.

Since they have been living apart (August, 1921) he has contributed to her support, according to the checks offered in evidence, $80, and although his sister testified that he made other payments through his son, Thomas, when the son was called as a witness he stated that his father never gave him any money and that he had never received one cent from his father for the past two years.

Mrs. Flannery supports herself and son from domestic work, washing and a small income from her own private estate. The evidence is very slight, if any, as to why the husband and wife are living separate and apart; the husband is of sufficient means to support the wife and son, and she is without sufficient means and is obliged to support herself as a domestic.

The Act of May 4, 1855, P. L. 430, provides that if a husband, "from drunkenness, profligacy or other cause, shall neglect or refuse to provide for his wife, or shall desert her," she shall have all the rights and privileges of a *feme sole* trader.

In construing this act, the courts have held that there must be a desertion or wilful neglect or refusal on the part of a husband to perform his duty: Ulrich's Case, 267 Pa. 233.

If, however, his circumstances, either from sickness or other inability, were such as to prevent him from supporting his wife, his failure to do so could not affect his marital rights. There is no testimony in this case that the circumstances of Mr. Flannery, either from sickness or other cause, are such as to prevent him from supporting his wife and son.

The Act of May 28, 1915, P. L. 639, supplies an additional ground for the application for a certificate of *feme sole* trader by the wife, and provided for a case where a husband and wife were not living together. The Act of 1915 provides that a wife shall be entitled to be decreed a *feme sole* trader "whenever a man and wife live apart and separate for one year or more, and all marital relations between them have ceased, and the husband, for one year or more, has not supported his wife nor their child or children, if any they have, from the time of the separation of the husband and wife, and the wife and child or children, if any there are, are maintained either by the wife or by the joint efforts of the wife and children, by the children, or from the income of the wife's separate estate.

In Ulrich's Case, 267 Pa. 233, it was said that the manifest purpose of this act was to provide for a case where a husband and wife were not living together and the wife is receiving no support from him, but the circumstances of the separation are not such as to establish a wilful desertion on his part.

The only support that respondent has given his wife and child since August, 1921, is eight monthly instalments of $10 each, in pursuance of an order of this court, which he paid only after serving several months in jail and after the issuing of a *capias*.

Petitioner has not sufficient income from her own estate to support herself and child, and made demand upon him, through proceedings in court, for support, which he has failed, neglected and refused to give, excepting to the

extent of $80, and has failed to furnish the support contemplated by the marital relations of husband and wife and violated the marital duty on his part in that respect.

In Magee v. Magee, 71 Pa. Superior Ct. 594, a libel in divorce upon the part of the husband, alleging desertion, the court held that where the evidence shows that the libellant refused to support his family, that he was arrested on the charge of non-support and an order made against him, that he did not contribute anything in consequence of such order, and that the respondent continued to maintain a home and look after the children, it would not sustain a libel by the husband for a divorce on the ground of his wife's desertion.

If the respondent in this case were seeking a divorce upon the facts now urged by him against the decree, under the above authority, his libel could not be sustained.

In Carey v. Carey, 25 Pa. Superior Ct. 223, it was held that the record of a conviction of the husband, upon prosecution in the Court of Quarter Sessions, for desertion would undoubtedly have been persuasive evidence of a wilful and malicious desertion, but such conviction would not have been conclusive.

In Bauder's Appeal, 115 Pa. 480, the record of the proceedings for desertion in the Court of Quarter Sessions is held admissible in evidence on the ground of desertion. To the same effect is Barrall v. Barrall, 6 Kulp, 319.

In Diedrich's Petition, 8 Lehigh Co. L. J. 371, the syllabus states: "Petitioner was declared a *feme sole* trader where it was found that the husband had actually, deliberately and unjustifiedly left his and his wife's home and neglected to provide for her support during the year or more of his absence, except as he was compelled to contribute to her support by an order of court on a charge of non-support."

The estrangement of the parties is to be regretted, but it is clear to the court, from the Quarter Sessions record and the testimony, that during the year or more of defendant's absence from his wife, he has failed to contribute to her support and the support of her son, except in so far as he was compelled to contribute by an order of the Court of Quarter Sessions of this county, based on non-support charges, and we do find that he has neglected to provide for her support and determine that the wife is entitled to a decree granting her the rights of a *feme sole* trader, as defined by the Act of May 28, 1915, P. L. 639.

The court, therefore, enters the following

### Decree.

On consideration of the foregoing petition of said Rosie Breen Flannery and the evidence and proof in support of the same, and it appearing to the court, upon proof presented, that Rosie Breen Flannery and Patrick Flannery have been living separate and apart for one year or more, that he has not supported nor contributed toward the support of his wife and child during said period and has neglected and refused to provide for them, and that the wife, partly by her own industry and partly by reason of an income from her own separate estate, has maintained herself and child, the court does hereby order and decree that the said Rosie Breen Flannery shall be and is hereby declared a *feme sole* trader, and that her property, real and personal, however acquired, shall be subject to her free and absolute disposal during life or by will without any liability to be interfered with or obtained by Patrick Flannery, her husband, and in case of intestacy shall go to her next of kin, as if he, the said Patrick Flannery, were previously dead, as provided by law.                                              From F. P. Slattery, Wilkes-Barre, Pa.