# Canole *v.* Allen, Appellant.

*Appeals—Assignments of error—Review on error unassigned—Evidence—Permitting husband to testify against wife—Act of May 23, 1887, P. L. 158.*

·   Ordinarily an appellate court is not concerned to inquire into errors committed on the trial of a case not specifically assigned for review.

Where the record shows departure from established rules and procedure, affecting only the rights of the parties to the action, and no specific complaint is made with respect thereto, the court will assume that the departure was made by and with mutual consent—conventio legem vincit.

Where the departure manifests a clear disregard of recognized public policy, or is a violation of express statutory provisions, the appellate court will take notice of the error whether assigned or not. Restrictions so imposed are not subject to the pleasure of the parties or the power of the courts.

The court will take notice of such a flagrant error as permitting a husband to testify against his wife, although the error is not covered by any assignment.

At common law husband and wife are incompetent to testify against each other. This rule has never been relaxed; on the contrary, it has been re-enforced and guarded from invasion by statutory enactment.

The Act of May 23, 1887, P. L. 158, defining competency, is more than confirmatory of the common law rule; it declares in express terms that neither husband nor wife shall be permitted to testify against each other.

The parties to a suit and the trial judge as well are bound to take notice of this prohibition. Connivance by the parties cannot avoid it nor can indulgence by the court.

In an action of trespass against a husband and wife, where it is admitted that the actual trespass was committed by the husband, and the husband is called as for cross-examination for the sole purpose of testifying against his wife, it is reversible error for the court to permit him to testify that he was acting as his wife's agent in the commission of the trespass; and the court will take judicial notice of such error whether it was assigned as error or not.

*Trespass—Damages—Husband and wife—Evidence—Question for jury.*

In an action of trespass against a husband and wife for the wrongful removal of a building which they had erected on a plaintiff's lot under a mistaken belief as to title, where the husband called as for cross-examination testifies that the lot with the building on it was worth

seven times the value of the lot without the building, it is reversible error for the court to give binding instructions to the jury that they should return a verdict for the plaintiff for the difference between the value of the lot with the building on it, and the value of the lot without the building, according to the estimates of value made by the husband in his testimony. The amount of the damages in such a case is a question for the jury and not for the court.

MITCHELL, C. J., dissents.

Argued April 14, 1908. Appeal, No. 26, Jan. T., 1908, by defendants, from judgment of C. P. Luzerne Co., Feb. T., 1906, No. 441, on verdict for plaintiff in case of John F. Canole v. Walter J. Allen and Jennie A. Allen. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Trespass to recover damages for the alleged wrongful removal of a dwelling house from plaintiff's land. Before WHEATON, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,300. Defendants appealed.

*Error assigned* among others was (6) answer to plaintiff's point, quoted in the opinion of the Supreme Court.

*M. J. Mulhall,* with him *John McGahren,* for appellants.

*John T. Lenahan,* with him *James L. Lenahan,* for appellee.

OPINION BY MR. JUSTICE STEWART, June 23, 1908 :

This controversy has its origin in a disputed title to a lot of ground at Harvey's Lake. The appellants, Walter A. Allen and Jennie A., his wife, were in possession of the lot, claiming under a tax title in the wife's name. Trusting, unwisely as it turned out, in the sufficiency of this title, they proceeded to erect a building on the lot, the husband actively participating in and superintending the work. Before the foundations had been completed Canole, the appellee, learning that work was being done by someone on the lot, went to the premises and there had an interview with the husband, in the course of which he asserted his ownership, and warned Allen against

proceeding further with the building. The Allens proceeded notwithstanding to complete the building. After its completion Canole brought ejectment. He was successful in the court below and in the Superior Court on appeal taken. A writ of habere facias followed, and re-entry was made thereunder. But the two-story frame dwelling which the Allens had built upon the lot, and which Canole saw when he last visited the premises, was then missing. As soon as the record in the ejectment suit had been returned from the Superior Court, Walter A. Allen, the husband, with an expedition that frustrated the injunction process which the plaintiff had invoked, had moved the building bodily from its foundations over upon an adjoining lot. Thereupon the plaintiff, possession of the lot having been restored to him, began the present action to recover damages.

The case as tried in the court below presents some very peculiar features, which are but feebly disclosed in the assignments of error. Ordinarily we are not concerned to inquire into errors committed on the trial of a case not specifically assigned for review. Where the record of a case shows departure from established rules and procedure, affecting only the rights of the parties to the action, and no specific complaint is made with respect thereto, we assume that the departure was made by and with mutual consent—conventio legem vincit. Not so, however, where the departure manifests a clear disregard of recognized public policy, or is in violation of express statutory provisions. Restrictions so imposed are not subject to the pleasure of the parties or the power of the courts. In such case this court will take notice of the error whether assigned or not. The present case serves as an example. While involving questions both of law and fact, it was tried by the court just as though there had been a written submission filed, dispensing with the jury. The trial judge determined what the facts of the case were, and the only office performed by the jury was to return perfunctorily the verdict which he directed. This fact is without special significance except in connection with a single assignment to be considered later, and is referred to here only that the method observed on the trial may be the better understood. The action was trespass against the husband and wife jointly. The wife was not present when the

trespass was committed.  A recovery against her could be allowed, of course, only as it was shown that the husband who committed the trespass was, in so doing, the wife's agent.  The whole case against the wife turned upon the question of the husband's agency.  To establish it, the plaintiff called the husband to the stand to testify as under cross-examination; and was permitted to show by him that in removing the building from the plaintiff's lot he was acting for the wife as her authorized agent.  Outside the testimony of the husband, elicited in the manner stated, there was not a particle of evidence that the wife had any part in the removal of the building, or had any knowledge that it had been removed.  Indeed, the husband was the only witness called by the plaintiff; he rested the whole case, in all its parts, upon the enforced testimony of this single witness.  On such evidence a recovery against the wife was not only permitted, but was ordered by the judge; and that too for an amount more than seven times as great as the value of the plaintiff's lot.  The evidence was admitted under objection, but its admission, strange to say, is not assigned as an error.  The error is too plain and palpable to escape notice even without an assignment to bring it to our attention; and since it involves a most serious transgression of a fundamental policy which has endured as long as our jurisprudence, and which instead of suffering impairment or modification by reason of changed conditions, has been reinforced by legislation, it becomes our duty not only to notice it, but reprobate it.  At common law husband and wife are incompetent to testify against each other.  This rule has never been relaxed; on the contrary, it has been reinforced and guarded from invasion by statutory enactment.  Our Act of May 23, 1887, P. L. 158, defining competency, is more than confirmatory of the common-law rule; it declares in express terms that neither shall be permitted to testify against the other, a prohibition of which both the parties to the suit and the trial judge as well, are bound to take notice.  Connivance by the parties cannot evade it, nor can indulgence by the court.  The language of the act is: "Nor shall husband or wife be competent or permitted to testify against each other:" Sec. 5.  It is unnecessary to note the exceptions to this provision.  We are here considering a case where the husband was called for no

other purpose than to testify against his wife. The purpose was as manifest as though it had been avowed. The fact that he was called by the plaintiff may not have been conclusive as to the purpose, since the right of the plaintiff to call him as under cross-examination to elicit testimony affecting only himself, may be conceded. But his participation in the removal of the building was not questioned; the whole object of the case was to involve the wife and make her estate liable. Having shown by the witness that he had removed the building, the examination should have been halted right there. Nothing he testified to on this subject gave rise to any inference of the wife's participation. His examination was allowed to proceed in the most direct and positive way to establish as an independent fact the husband's agency for the wife. There are cases, notably Ballentine v. White, 77 Pa. 20, where it is held that where either husband or wife is called to testify for the other, if upon cross-examination a fact is elicited adverse to the party calling, such fact may properly be considered in the case, since this was a necessary risk incident to the right to call. But the distinction between these cases and the one we are considering is wide and plain. Here the witness was not called by the wife to testify in her behalf, but adversely, and as under cross-examination. This was allowed because he was a party. Suppose he had not been a party, could the plaintiff have made him a witness against the wife? Certainly not. How then does the fact that he was a codefendant alter the case? In no respect at all, except that the plaintiff, in calling him, could not be regarded as accrediting him, and was at liberty to conduct the examination as though it were a cross-examination. The disability to testify against the wife must be the same in either case. In allowing this examination of the witness to establish the wife's participation in the trespass, serious error was committed. But this was not the full extent of the error. We have said that the plaintiff's whole case was made to rest upon the testimony of the husband. The other important feature was the amount recoverable, the trespass having been established. The husband was cross-examined with reference to it, and there is not a syllable of evidence on the subject of damages except what was enforced out of him by this method. He testified that the value of plaintiff's lot im-

mediately after removal of the house he had erected, was $350; that the value of the lot with the house upon it was $2,650. Upon this testimony, and this alone, the trial judge directed the jury to return a verdict for the plaintiff for $2,300, the actual difference. The admission of this evidence was quite as flagrant a disregard of the law as was that with respect to the matter of agency. It was directed against the wife, and its only purpose was to charge her estate. It is in connection with this feature of the case that we have the only assignment of error that can be sustained, and, indeed, the only one that touches even remotely upon the real error. The plaintiff submitted the following point: " Under the undisputed evidence in the case the verdict must be for the plaintiff and against the defendant for the sum of $2,300." The affirmance of this point constitutes the fifth assignment of error. It hardly calls for discussion. Not only was the evidence on which it rested wholly and absolutely incompetent, as against the wife, but even were it otherwise, if the evidence had come from a competent source, its consideration would have been for the jury. While it may be regarded as an admission by the husband, and therefore conclusive against himself, requiring no submission; as against the wife, it was but an expression of an opinion. The fact that defendant offered nothing against it did not establish it as a matter of law for the court to so declare. It is nothing to the purpose to say that the result would not have been different had the case been submitted. How are we to know it would not, except as we assume that the jury would have given the same credit to the witness as did the judge, and put the same construction upon his language? These are considerations peculiarly and exclusively for the jury. Besides, it is not a question of result, but of method in reaching a result. There is only one correct method when the testimony is oral, and especially in cases where damages are to be liquidated, and that is through the deliberate action of the jury. True, the defendant did not specifically ask that the question of damages should be submitted. Such fact has been allowed in some cases to avert reversal; but this is not a case which calls for any effort to save it through any relaxation of established rules. . The law gave to this plaintiff the ownership of the house which the

defendant built on his lot unwittingly. Assuming that it was removed by these defendants, after they learned of their mistake, they are answerable to the extent of the injury they have done the plaintiff's freehold, by removing the improvements they themselves had built thereon. The trial judge determined this injury to be more than seven times the value of the plaintiff's lot and required the jury by their verdict to say the same. If the plaintiff is actually entitled to recover this sum, let it be so determined in the only regular way, by the unfettered and deliberate action of a jury.

The sixth assignment of error is sustained.

Judgment reversed and a venire facias de novo awarded.

MITCHELL, C. J., dissents.