# Commonwealth *v.* Gray et al., Appellants (No. 1).

*Criminal law — Larceny — Accessory after the fact — Harmful error—Appeal—Charge—Indictment—Act of June 3, 1893, P. L. 286.*

1. An accessory after the fact is not a principal in the commission of a crime.

2. On an indictment for larceny only it is error to charge the jury that the defendant may be convicted if he was an accessory after the fact.

3. When error has been committed which may have been harmful, the sentence must be reversed.

Submitted October 7, 1919. Appeal, No. 337, Jan. T., 1919, by defendant, Irvin G. Gray, from judgment of Superior Court, Oct. T., 1919, No. 106, affirming judgment of Q. S. Centre Co., Dec. T., 1918, No. 9, on verdict of guilty in case of Commonwealth v. Irvin G. Gray, Clyde G. Gray and Geo. F. Gray. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Indictment for larceny.

Appeal from Superior Court.

The Superior Court affirmed the judgment of the court of quarter sessions. Irvin G. Gray appealed.

*Error assigned* was in affirming judgment of the quarter sessions.

*W. G. Runkle, Ellis L. Orvis* and *John F. Sullivan,* for appellant.

*J. C. Furst,* District Attorney, and *N. B. Spangler,* for appellee.—An erroneous statement of law in a charge is harmless where it could have no effect on the verdict: Com. v. Matz, 161 Pa. 207; Com. v. Nowyokot, 39 Pa. Superior Ct. 502; Com. v. Lee, 226 Pa. 283; Com. v. Pacito, 229 Pa. 328, Com. v. Varano, 258 Pa. 442.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1920:

Appellant and his two sons were jointly indicted, in a single count, for the larceny of certain cattle; they were convicted and sentenced, and the sentence was affirmed by the Superior Court. An application for an appeal to this court was refused as to the sons, but allowed to appellant on the single question hereinafter stated.

It appeared that the actual stealing was done by the sons, but the Commonwealth alleged appellant was involved in the matter from the beginning, and had in fact arranged for the sale of the meat before the cattle were stolen. Appellant admitted he had arranged to sell meat before that time and had delivered it afterwards, but averred it was to be and was meat of cattle from his own herd.

After accurately charging the jury as to the liability of defendants if they were engaged together in the plan for and stealing of the cattle, the trial judge continued as follows: "On the other hand, if the testimony satisfies you beyond a reasonable doubt that he had guilty knowledge after the killing and was in any way interested in concealing that crime, then he would be treated the same as if he were a principal and would be known in law as an accessory after the fact. So if you are satisfied beyond a reasonable doubt that the crime was committed, and that these two defendants, his sons, committed this crime, it is not necessary, as I say, to actually hook him up with the killing of the animals." This portion of the charge is the only error assigned in this court.

The trial judge in his opinion refusing a new trial, the Superior Court on the appeal to it, and the Commonwealth in this court, all admit it was error so to charge, but claim the error was harmless, the Superior Court saying (72 Pa. Superior Ct. 279) : "As a proposition of law this could not be sustained.  The Act of June 3, 1893, P. L. 286, which is an amendment of the crimes Act of March 31, 1860, provides that every accessory after the fact to any felony punishable under the act, for whom no punishment had been therein provided, shall, on conviction, be sentenced to a fine not exceeding $500 and undergo imprisonment with or without labor, at the discretion of the court, not exceeding two years.  The learned judge probably had in mind the penalty applicable to an accessory before the fact and inadvertently made an incorrect reference, but no harm was done the defendant.  The indictment contained a single count charging larceny, and all the evidence bearing against Irvin G. Gray related to that charge. If he had a guilty connection with the transaction the evidence showed that it was that of a principal and the jury so regarded it," and hence it affirmed the sentence of the trial court.

We cannot agree with the conclusion thus reached, for we have no way of knowing whether or not appellant was convicted because of his relation to the matter before the stealing, or, under the portion of the charge above quoted, because of his actions after the stealing. In the latter event he could not properly be convicted on this indictment.  It follows, therefore, that as error was committed which may have been harmful, we must reverse the sentence.

The judgment of the Superior Court and the sentence of the Court of Quarter Sessions of the Peace for Centre County are reversed so far as they relate to Irvin G. Gray only, and a venire facias de novo awarded.