# Ulrich's Case.

*Husband and wife—Separation—Desertion—Support—Feme sole trader—Acts of May 4, 1855, P. L. 430, and May 28, 1915, P. L. 639 —Statutes—Repeal.*

1. The Act of May 4, 1855, P. L. 430, declaring that a wife shall have all the rights and privileges of a feme sole trader if the husband, from drunkenness, profligacy or other cause, shall neglect or refuse to provide for her or shall desert her, was not repealed by the Act of May 28, 1915, P. L. 639, which authorizes a decree declaring a wife a feme sole trader, where the husband and wife have not been living together for one year or more and the husband has not supported his wife.

2. The manifest purpose of the Act of 1915, was to provide for a case where a husband and wife were not living together, and the wife was receiving no support from him, but the circumstances of the separation are not such as to establish a wilful desertion on his part. It merely supplied an additional ground for the application for a certificate by the wife, and was not inconsistent with the earlier act.

3. Where a conflict exists between an early statute and a subsequent statute dealing with the same subject-matter, the presumption is the latter statute was intended to repeal the former, although it contains no repealing clause. If, however, the two statutes can be made to stand together, effect should be given both as far as possible.

*Appeal—Order declaring wife feme sole trader—Certiorari—Review—Evidence.*

4. An appeal by a husband from an order of court declaring his wife a feme sole trader must be treated as a certiorari and therefore the merits of the case are not before the appellate court for review.

*Feme sole trader—Evidence—Witnesses—Husband and wife— Act of May 3, 1887, P. L. 158, Sec. 5.*

5. The wife is not a competent witness in a proceeding under the Act of May 4, 1855, P. L. 430, to have herself declared a feme sole trader, on the ground that her husband had deserted her; and, in reviewing the question of the sufficiency of the evidence in such case, the testimony of the wife cannot be considered although no objection was made against her testifying, inasmuch as the prohibition in section 5 (C) of the Act of May 23, 1887, P. L. 158, as to husband and wife testifying against each other is binding upon

both parties to the suit. It is binding as well on the trial judge, and neither connivance by the parties, nor indulgence by the court, can evade the effect of the prohibition.

*Feme sole trader—Evidence—Ex parte affidavit—Consideration to be given—Waiver of objection—Act of May 4, 1855, P. L. 430.*

6. It was not reversible error for the trial court to consider an ex parte affidavit made without opportunity to cross-examine, and filed of record in support of a petition to have a wife declared a feme sole trader, where it is received by the court without objection on the part of counsel for the respondent, and it also appears that another witness for the wife was called before the court and orally examined; such evidence, in the absence of objection, complies with the requirement of the Act of 1855 that the fact set forth in the petition shall be sustained "by the testimony of at least two respectable witnesses."

Argued March 26, 1920. Appeal, No. 224, Jan. T., 1920, by Joseph Ulrich, from decree of C. P. No. 5, Phila. Co., Sept. T., 1919, No. 4908, declaring his wife a feme sole trader in the case of Petition of Marie Louise Mallet Ulrich. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Petition to declare a woman a feme sole trader. Before MARTIN, P. J.

The court granted the prayer of the petition. Respondent appealed.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*Walter Thomas,* with him *Augustus Trask Ashton,* for appellant.—When there is a conflict between a prior and a subsequent act the presumption is that the latter repeals the former: Spees v. Boggs, 204 Pa. 504; Sun and Banner Pub. Co. v. Bennett, 26 Pa. Superior Ct. 243; York Water Co. v. York, 250 Pa. 115; Phillips v. Barnhart, 27 Pa. Superior Ct. 26.

The wife was not a competent witness: Barber's Petition, 17 Pa. Dist. R. 148.

Neither the husband nor the wife can waive the right or privilege of the one or the other not to testify against each other: Cornelius v. Hambay, 150 Pa. 359.

*Walter B. Saul*, with him *Edwin M. Finletter*, for appellee.—The Act of 1855 was not repealed by the Act of 1915: Safe Dep. & Trust Co. v. Frick, 152 Pa. 231; Hœdt's Petition, 43 Pa. C. C. R. 459; Frank's Petition, 44 Pa. C. C. R. 625.

OPINION BY MR. JUSTICE FRAZER, April 26, 1920:

Marie Ulrich presented a petition to the Court of Common Pleas, No. 5, of Philadelphia County, alleging her husband, Joseph Ulrich, had wilfully, maliciously and without reasonable cause, deserted her and made no provision for the support of herself and two minor children and asking that she be decreed a feme sole trader. Her husband in an answer denied deserting his wife without reasonable cause and averred he was driven from his home by the indignities and cruelty to him on the part of his wife and that he left her in possession of a business he formerly conducted in the City of Philadelphia. After hearing, the court granted petitioner's prayer and the husband appealed.

The decree was entered pursuant to the Act of May 4, 1855, P. L. 430, and appellant contends the act in question was repealed by the Act of May 28, 1915, P. L. 639, consequently the proceedings were irregular and without authority of law.

The Act of 1855, provides that if a husband "from drunkenness, profligacy or other cause shall neglect or refuse to provide for his wife, or shall desert her," she shall have all the rights and privileges of a feme sole trader conferred by the Act of February 22, 1718, 1 Sm. L. 99. In construing the act last referred to, this court held there must be a desertion or wilful neglect or refusal on the part of a husband to perform his duty (King v. Thompson, 87 Pa. 365); if, however, his cir-

cumstances, either from sickness or other inability, were such as to prevent him from supporting his wife, his failure to do so could not affect his marital rights: Ellison v. Anderson, 110 Pa. 486. Following an unsuccessful attempt of a petitioner to be declared a feme sole trader where desertion was alleged but nothing more than a separation was established (Hœdt's Petition, 43 Pa. C. C. R. 459), the Act of 1915 was passed, providing that a wife shall be entitled to be decreed a feme sole trader, "whenever a man and wife live apart and separate for one year or more, and all marital relations between them have ceased, and the husband, for one year or more, has not supported his wife, nor their child or children, if any they have, from time of the separation of the husband and wife, and the wife and child, or children, if any there are, are maintained either by the wife or by the joint efforts of the wife and children, by the children, or from the income of the wife's separate estate." The manifest purpose of this act was to provide for a case where a husband and wife were not living together and the wife is receiving no support from him but the circumstances of the separation are not such as to establish a wilful desertion on his part.

The Act of 1915 contains no repealing clause nor does it purport to be a direct amendment of an earlier statute, though it deals with the subject-matter contained in the Act of 1855. The rule in such case is that if a conflict exists between the earlier and subsequent legislation the presumption is the latter was intended to repeal the former: York Water Co. v. York, 250 Pa. 115; and this would be true even though the latter act contains no express repealing clause, if apparently designed to accomplish that result. If, however, the two acts can be made to stand together, effect should be given both as far as possible. "Even where they are seemingly repugnant they must if possible have such a construction that one may not be a repeal of the other, unless the latter one contains negative words, or the intention to repeal is

made manifest by some intelligible form of expression":
Brown v. County Comrs., 21 Pa. 37, 43. "The leaning of
courts is strongly against repealing the positive pro-
visions of a former statute by construction. The more
natural, if not necessary, inference, in all such cases, is
that the legislature intended the new law to be auxiliary
to and in aid of the purpose of the old law. There
should, therefore, be such manifest and total repugnancy
in the provisions of the new law as to lead to the con-
clusion that the latter abrogated and was designed to
abrogate the former": Safe Deposit & Trust Co., Admr.,
v. Fricke, 152 Pa. 231, 238.

By applying the foregoing rules of construction to
the two acts here in question we fail to discover any ir-
reconcilable conflict between their provisions. The lan-
guage of the earlier act is restrictive in character and re-
quired the applicant for a certificate to prove wilful and
intentional desertion. The legislature doubtless con-
cluded this requirement imposed a hardship in many
cases where there existed, in fact, a separation under cir-
cumstances making it difficult to prove a wilful intent
to desert, although the necessity for the wife to earn a
living for herself and children would be equally as great
and important to her as if a wilful intent to desert ap-
peared. This omission in the Act of 1855 was evidently
intended to be supplied by the Act of 1915, by providing
an additional ground for the application for a certificate
on the part of a wife whose husband had ceased to live
with or support her. We find nothing in such provision
necessarily conflicting with the earlier legislation. On
the contrary, the more reasonable inference is that the
new law was intended to merely extend the old.

The court below was apparently satisfied that deser-
tion had been shown within the meaning of the Act of
1855, and, as an appeal in proceedings of this character
is by certiorari only (Cole's Case, 230 Pa. 162), the
merits of the case are not before us for review. Appel-
lant argued, however, that the record shows the conclu-

sion of the court below was based on insufficient evidence, owing to the wife having been permitted to testify contrary to the rule whereby husband and wife are not competent witnesses against each other. Section 4 of the Act of 1855 requires the facts set forth in the petition to be sustained "by the testimony of at least two respectable witnesses." While there was no objection to the competency of the wife, the prohibition in section 5 (c) of the Act of May 23, 1887, P. L. 158, is not only that husband and wife shall be incompetent but shall not be permitted to testify against each other. It has been said this provision is one "of which both the parties to the suit, and the trial judges as well, are bound to take notice. Connivance by the parties cannot evade it, nor can indulgence by the court": Canole v. Allen, 222 Pa. 156, 159. We must, therefore, necessarily determine whether sufficient other testimony was offered on the part of petitioner to satisfy the requirement of the act in this respect.

Aside from the testimony of petitioner but one witness was called at the hearing before the court and examined orally in her behalf. There was also introduced in evidence an affidavit by another witness to the effect that respondent left his wife in the City of Philadelphia and took up his residence in the City of Pittsburgh without providing means of support for her and their two children. The affidavit so offered was one filed of record in support of the petition and being a mere ex parte declaration made without opportunity to cross-examine would not have been competent evidence if objection had been made to it. The court received it, however, without objection on the part of counsel for respondent, and being thus made a part of petitioner's proofs we cannot say the court below committed reversible error by taking it into consideration in determining the justice and propriety of petitioner's application.

The decree of the court below is affirmed at appellant's cost.