Com. of Pa. *v.* Carey, Appellant.

Argued April 11, 1932.

Before

TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*John A. Berkey,* for appellant.

*Archibald M. Matthews,* and with him *P. G. Cober,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., July 14, 1932:

Appellant was convicted on an indictment charging robbery and larceny from the person. At the trial the Commonwealth called a woman to testify in its behalf. Objection was made to the competency of the witness on the ground that she was the lawful wife of the defendant. Whereupon, the jury was withdrawn and the trial judge heard testimony relative to the competency of the witness. She testified that she was not married to the defendant; that her maiden name was Anna Johns; that she married Joseph Dodson Masters three years before the war; that he was still living, and that they had never been divorced. Counsel for the defendant produced a paper and asked the witness whether or not it was a certificate of her marriage to the defendant. The witness stated that it was not a marriage certificate, that no marriage ceremony was performed, and that the certificate had been purchased by the defendant for $5 from a colored man

who was not a minister of the gospel. Counsel for the defendant also showed the witness certain letters alleged to have been written by her to the defendant, in which she addressed him as her husband. She admitted having written the letters to him while he was in jail, and said that she addressed him as her husband "just to get the letters by" the prison authorities, but that "he isn't my husband." She admitted that she had been cohabiting with the defendant. After counsel for the defendant stated that he had no further evidence to offer on the fact of marriage the court overruled the objection to the competency of the witness and she was permitted to testify in corroboration of the other eye witnesses of the alleged robbery.

Appellant states the questions in this appeal as follows: (1) Did the court err in overruling the defendant's offers of proof that a witness called by the Commonwealth was the wife of the defendant? (2) Was there testimony in the case sufficient to render the witness incompetent to testify against the defendant? (3) Did the court err in refusing to grant a new trial to the defendant?

(1) Inspection of the record discloses that the court did not overrule any offers made in behalf of the defendant for the purpose of satisfying the trial judge that the witness was the wife of the defendant. The letters and the alleged certificate of marriage, already mentioned, were before the court when he ruled on the question of competency of the witness. Evidence which was relevant and material upon the question of the competency of the witness was not relevant or material upon the issue before the jury. The question of the competency of the witness was one of law for the court to determine. The question whether the witness was the wife of the defendant was not one of fact for the jury: Com. v. Gray (No. 2), 72 Pa. Superior Ct. 287. Therefore, the evidence offered for the purpose

of convincing the jury of the fact of marriage was properly excluded.

(2) We find no merit in the contention that Anna Johns was incompetent to testify against the defendant. The weakness of the argument against her competency is that the fact does not exist upon which it must rest. The witness expressly denied that she had ever married the defendant and said that she was the wife of another man. Cohabitation and reputation are not marriage. They are merely circumstances from which marriage may be presumed: Yardley's Estate, 75 Pa. 207; Hunt's Appeal, 86 Pa. 294. According to the testimony of the witness the relation between her and the defendant was illegal and adulterous at the beginning. Such a relation raises no presumption of marriage. It is well settled that the presumption is in favor of the competency of the witness, and that the burden was on the defendant to show otherwise. As this was not done, no duty rested on the court to exclude the witness: Com. v. Gray (No. 1), 72 Pa. Superior Ct. 279. She was competent to prove that she was not defendant's wife by reason of a former marriage to another: Hornbake v. Hornbake, 72 Pa. Superior Ct. 605, and cases there cited. We observe in passing that the defendant did not testify to a marriage between himself and the witness, nor were any witnesses called by him to testify to the fact of marriage.

(3) It is urged further in behalf of the defendant that he was taken by surprise when Anna Johns was called to testify against him and that he had no notice that she would deny her marriage to him. The contention is made that it was an abuse of judicial discretion to refuse to grant him a new trial in which he could have an opportunity to establish a formal marriage with Anna Johns. Such proof would be of no avail if Anna Johns was the lawful wife of Masters, as she testified she was. Appellant does not assert that

366

he can prove that the witness was not the wife of Masters when the alleged marriage ceremony was performed between her and appellant. If appellant were able to prove at another trial all that he asserts, his alleged marriage to the witness would still be bigamous and void. In our view there is an utter failure to establish an abuse of discretion by the court below in refusing a new trial.

All of the assignments of error are overruled and the judgment is affirmed.