Commonwealth *v.* Stots, Appellant.

556

Submitted November 10, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Melvin Dildine,* Assistant Defender, and *Vincent J. Ziccardi,* Acting Defender, for appellant.

*Richard Max Bockol* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE JONES, January 30, 1970:

On March 27, 1966, Mary Walker was fatally stabbed while in the apartment of D. L. Stots, the defendant, and Martha Stots. Defendant was arrested at the apartment immediately after the incident, was tried and found guilty of voluntary manslaughter before Judge Reed, sitting without a jury, and, on February 8, 1968, was sentenced to serve four to twelve years.

Motions for a new trial and in arrest of judgment were made but not argued. On appellant's previous appeal to this Court, the case was remanded for argument of the post-trial motions. On March 27, 1969, these motions were argued and denied by the court below. This appeal followed.

The first point argued by defendant is that Martha Stots, allegedly the defendant's common-law wife, should not have been permitted to testify against him at trial,[1] because of the statutory incompetence of one spouse to testify against the other. With certain exceptions not pertinent to this case, the Act of May 23, 1887, P. L. 158, §2(b), as amended, 19 P.S. §683, provides as follows: "Nor shall husband and wife be competent or permitted to testify against each other . . . ." See: *Commonwealth v. Wilkes,* 414 Pa. 246, 251, 199 A. 2d 411, 413, *cert. denied,* 379 U.S. 939 (1964). The Commonwealth has pointed out that no objection was made to Martha's testimony at trial, or at any time prior to the instant appeal.

Generally, the question of the competency of a witness to testify at trial must be raised at the trial, or it will be considered to have been waived and therefore not subject to review on appeal. *Beeruk Estate,* 429 Pa. 415, 417 (n.1), 241 A. 2d 755, 757 (1968); *Capozzi v. Antonoplos,* 414 Pa. 565, 569, 201 A. 2d 420, 422 (1964); *Finnerty v. Darby,* 391 Pa. 300, 312-13, 138 A. 2d 117, 123 (1958). This is in accordance with the general rule that, except for basic and fundamental error which affects the merits or justice of the case, an appellate court will not consider matters which were not raised in the court below. *Commonwealth v. Scoleri,* 432 Pa. 571, 579, 248 A. 2d 295, 298-99 (1968); *Commonwealth v. Williams,* 432 Pa. 557, 563-64, 248 A. 2d 301, 304-05 (1968).

Although it was not referred to by either party in the case at bar, we note the following statement from *Ulrich's Case,* 267 Pa. 233, 238, 109 A. 922, 923 (1920), wherein this Court held that a spouse's incompetency

---

[1] She testified that D. L. and Mary were arguing; that Mary got a knife from the kitchen; that D. L. and Mary then had a tussle over possession of the knife; that D. L. got the knife; and, that D. L. then stabbed Mary with the knife.

could not be waived by failure to object at trial. "While there was no objection to the competency of the wife, the prohibition in section 5(c) of the Act of May 23, 1887, P. L. 158, is not only that husband and wife shall not be permitted to testify against each other. It has been said this provision is one 'of which both the parties to the suit, and the trial judges as well, are bound to take notice. Connivance by the parties cannot evade it, nor can indulgence by the court': Canole v. Allen, 222 Pa. 156, 159." *Accord, Huffman v. Simmons,* 131 Pa. Superior Ct. 370, 376, 200 A. 274, 276 (1938). *Compare* 19 P.S. §683 *with* 19 P.S. §684.

We note, however, that this rule should only be applied where, as in *Ulrich,* there is no question but that the parties are legally married. At the presentation of testimony in the instant case, Martha Stots was specifically asked, by the district attorney, whether she and the defendant were "legally married." She replied in the negative. Therefore, *Ulrich* is inapplicable and we must follow the general rule with respect to competency of witnesses: "The Act was intended to make competency the rule and incompetency the exception, and a narrow construction of the Act would often result in suppressing the truth." *Commonwealth v. Clanton,* 395 Pa. 521, 527, 151 A. 2d 88, 92 (1959). Thus, the burden of proof lies with the party who alleges that a witness is incompetent. *Beeruk Estate,* 429 Pa. 415, 417 (n.1), 241 A. 2d 755, 757 (1968); *Capozzi v. Antonoplos,* 414 Pa. 565, 569, 201 A. 2d 420, 422 (1964); *Commonwealth v. Clanton,* 395 Pa. 521, 528, 151 A. 2d 88, 92 (1959); *Commonwealth v. Reginelli,* 208 Pa. Superior Ct. 344, 350, 222 A. 2d 605, 608 (1966).

At the trial of the instant case, immediately after Martha Stots testified that she and Stots were not legally married, the district attorney, in an attempt to clarify their relationship, asked if Martha was what

is known as a "common-law wife." She answered, "Yes." From that point, he proceeded to question her as to the events which occurred on the day of the killing. At no point prior to this appeal did defense counsel object to this testimony or pursue the question of competency in any way.

There is absolutely no evidence on the record which might establish the essential requirements of a common-law marriage between D. L. Stots and Martha Stots. *See Manfredi Estate,* 399 Pa. 285, 159 A. 2d 697 (1960); *Wagner Estate,* 398 Pa. 531, 159 A. 2d 495 (1960). The testimony of Martha Stots, referred to above, tended to show that she and the defendant were living together without being legally married—nothing more. We, therefore, hold that, since the evidence presented at trial did not even approximate the factors which must be proven for a common-law marriage, the trial judge was under no duty to raise the question of competency—particularly where no objection was made by counsel for the defendant. *See Commonwealth v. Carey,* 105 Pa. Superior Ct. 362, 161 A. 410 (1932); *Commonwealth v. Gray (No. 1),* 72 Pa. Superior Ct. 279, *modified,* 265 Pa. 537, 109 A. 239 (1920).[2] Accordingly, the defendant's objection to Martha Stots' testimony must be dismissed as not having been properly raised.

Defendant has also claimed that the evidence presented was insufficient to support the verdict of voluntary manslaughter. In considering this contention, we must accept as true all the evidence and the reasonable inferences therefrom which are favorable to the Com-

___

[2] We note that our decision in this case in no way bears upon the basic question of whether a common-law spouse comes within the scope of 19 P.S. §683. *See generally, Hawkins v. United States,* 358 U.S. 74, 81 (1958) (concurring opinion); *Wagner Estate,* 398 Pa. 531, 533, 159 A. 2d 495 (1960); 35 Am. Jur. *Marriage,* §237 (1941).

monwealth. *E.g., Commonwealth v. Williams,* 432 Pa. 557, 248 A. 2d 301 (1968). The record shows that, during the course of an argument, D. L. Stots stabbed and killed Mary Walker, who was unarmed. Stots claims that Mary first threatened him with a knife, that he then took it from her and stabbed her. This version of the incident, although supported by the testimony of Martha Stots, was denied by Mary Walker's son, who testified that it was the defendant who first obtained the knife. However, even if we were to accept defendant's story, we find his claim of self-defense to be totally refuted by the fact that he stabbed the victim *ten times.* Accordingly, we conclude that defendant's argument with respect to the sufficiency of the evidence is without merit.

Judgment affirmed.

Mr. Justice ROBERTS concurs in the result on the ground that the competency of the witness, not having been objected to at trial, cannot now be raised.