J-S31039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LIONEL WIDGINS | : | |
| | : | |
| Appellant | : | No. 89 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 8, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001886-2022

BEFORE:  BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED OCTOBER 8, 2024**

Lionel Widgins ("Widgins") appeals from the judgment of the sentence imposed by the Philadelphia Court of Common Pleas ("trial court") following his convictions of voluntary manslaughter, recklessly endangering another person, and possession of an instrument of crime.[1]  On appeal, Widgins challenges the sufficiency and the weight of the evidence to support his voluntary manslaughter conviction.  We affirm.

The record reflects that shortly after midnight on September 11, 2021, Anthony Moore ("Moore") exited Champagne Bar in Philadelphia and observed a silver Camaro had parked close enough to his black Chevy Impala that the bumpers were touching.  Moore returned to the Champagne Bar and asked

_____

[1] 18 Pa.C.S §§ 2503(a)(1), 2705, 907.

who owned the Camaro. After Widgins indicated he owned the Camaro, the two men went outside and argued about the situation. The argument subsequently escalated into a fistfight in the parking lot of a nearby McDonalds. After Moore won the fight, Widgins returned to his vehicle and moved it away from Moore's vehicle.

Moore then retrieved a baseball bat from the trunk of his car and hit the passenger side of Widgins' car several times and shattered his front side window. As Moore walked away, Widgins drove his car into Moore, knocking him down. Widgins then ran his vehicle over Moore, reversed, and ran over Moore a second time before driving away from the scene.

Police Officer Michael Davis responded to a radio call for a male down at East Chelton Avenue. Upon arriving, he found Moore bleeding and unresponsive on the sidewalk in front of the McDonalds. Moore was pronounced dead at 12:40 a.m., with the manner of death ruled a homicide and the cause of death determined to be multiple blunt impact injuries. Police recovered from the scene fragments of a Louisville Slugger baseball bat and pieces of shattered glass from the side door window of a car.

The police arrested Widgins on September 22, 2021. The Commonwealth charged him with murder, possessing the instrument of a crime, and recklessly endangering another person. The case proceeded to trial on September 1, 2023. Following trial, the jury convicted Widgins of the aforementioned crimes. The trial court sentenced Widgins to seven to twenty

years for the voluntary manslaughter conviction with no further penalties on the remaining charges. Widgins filed timely post-sentence motions, which the trial court denied.

Widgins timely appealed and raises the following questions for our review:

1. Whether the Commonwealth failed to provide sufficient evidence to sustain a conviction of voluntary manslaughter?

2. Whether the verdict of guilty as reached by the jury was against the weight of the evidence?

Widgins' Brief at 7.[2]

## Sufficiency of the Evidence

In support of his sufficiency claim, Widgins states that the Commonwealth failed to establish he specifically intended to cause Moore's death and that the killing was, at worst, involuntary manslaughter. *Id.* at 13, 15, 16. In making this argument, Widgins relies extensively on his testimony at trial that he did not intend to harm Moore and that his vision was impaired because of the injuries he sustained during the fight. *Id.* at 15. According to Widgins, he inadvertently struck Moore with his vehicle, believing instead that

_____

[2] We note with disapproval that Widgins combines the arguments made in support of his sufficiency and weight claims. *See* Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued"). Nonetheless, because these claims present distinct questions and require separate discussions and analysis, we address each claim individually.

he had hit the bushes next to the sidewalk. *Id.* Widgins contends that his actions were reckless, not intentional. *Id.* at 13, 16.

Alternatively, Widgins asserts that the force he used was justified to protect himself. *Id.* at 16 (citing 18 Pa.C.S. § 505(a)). Widgins recounts that Moore gave him a severe beating and had smashed his car windows with a baseball bat. *Id.* In Widgins' estimation, his safety depended on leaving the scene immediately. *Id.*

We review a challenge to the sufficiency of the evidence according to the following standard:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is de novo and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the [factfinder] to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the [factfinder].

*Commonwealth v. Rosario*, 307 A.3d 759, 764-65 (Pa. Super. 2023) (citation omitted).

The Pennsylvania Crimes Code provides, in relevant part, "[a] person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and

intense passion resulting from serious provocation by … the individual killed[.]" 18 Pa.C.S. § 2503(a)(1). As our Supreme Court has explained, "sudden and intense passion," also known as "'heat of passion[,]' includes emotions such as anger, rage, sudden resentment or terror, which renders the mind incapable of reason." *Commonwealth v. Browdie*, 671 A.2d 668, 671 (Pa. 1996). Whether "serious provocation" results from the "sudden and intense passion" is an objective test, i.e., "whether a reasonable man confronted with the provoking events would become impassioned to the extent that his mind was incapable of cool reflection." *Commonwealth v Hutchinson*, 25 A.3d 277, 314-15 (Pa. 2011) (citation and quotation marks omitted). "The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence." *Rosario*, 307 A.3d at 765. "[H]eat-of-passion voluntary manslaughter is, in the first instance, a specific intent crime." *Commonwealth v. Towles*, 208 A.3d 988, 1002 n.10 (Pa. 2019) (citation omitted).

As stated above, Widgins contends, in part, that he acted in self-defense when he killed Moore.

> Self-defense is a complete defense to a homicide charge if (1) the defendant reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force to prevent such harm; (2) the defendant did not provoke the threat that resulted in the slaying; and (3) the defendant did not violate a duty to retreat. Where the defendant has introduced evidence of self-defense, the burden is on the Commonwealth to disprove the self-defense claim beyond a reasonable doubt by proving that at least one of those three elements is absent. If the Commonwealth proves that the

> defendant's belief that deadly force was necessary was unreasonable but does not disprove that the defendant genuinely believed that he was in imminent danger that required deadly force and does not disprove either of the other elements of self-defense, the defendant may be found guilty only of voluntary manslaughter under the defense of imperfect self-defense.

*Commonwealth v. Jones*, 271 A.3d 452, 458 (Pa. Super. 2021) (citations omitted).

The record reflects that Widgins and Moore engaged in an argument about their parked vehicles outside of Champagne Bar in Philadelphia. N.T., 8/29/2023, at 56. The argument escalated into a physical altercation, in which Moore bested Widgins. *Id.* at 60, 62.[3] Widgins then got into his car. *Id.* at 63. Moore went back to examine his car and noticed something on the back of his car. *Id.* at 65. He then pulled a wooden bat out of his trunk, approached Widgins' vehicle, and began hitting the car on the passenger side. *Id.* As Moore walked back to his car, Widgins drove his car into Moore, ran him over, backed up, and then ran him over again before driving off. *Id.* at 66, 67.

Viewed in the light most favorable to the Commonwealth, the evidence established that Widgins and Moore engaged in a verbal and physical confrontation, Moore wielded a bat against Widgins' vehicle, and Widgins killed Moore without lawful justification while acting under sudden passion caused

---

[3] Witness Veronica Beckford ("Beckford") was picking up an Uber Eats order and recorded the incident on her phone while waiting at the pickup window of the McDonalds drive-through. Our review of the video confirms that Moore won the fistfight.

by Moore's provocative conduct. ***See, e.g., Commonwealth v. White***, 424 A.2d 1296, 1298 (Pa. 1981) (holding that the evidence was sufficient to support a voluntary manslaughter conviction and that jury could find provocative conduct when appellant and victim physically fought outside of the club, the victim allowed appellant to get up, and appellant went to his car, retrieved his gun, and shot victim). Widgins was in his vehicle and able to leave the scene when he first struck Moore with his vehicle, knocking Moore to the ground. Instead of leaving the scene at that time, he opted to back up and run Moore over a second time, when Moore posed no continuing danger or harm to Widgins.

The force used by Widgins in defense of himself was unreasonable and out of proportion for the situation. ***See, e.g., Commonwealth v. Stots***, 261 A.2d 577, 580 (Pa. 1970) (determining that the defendant's self-defense claim was refuted by the manner of the aggressor's death, finding the evidence sufficient to support a voluntary manslaughter conviction where the defendant was threatened by a knife-wielding assailant, disarmed him, and then used the same knife to kill assailant by stabbing him ten times). Under these circumstances, the evidence was sufficient to establish Widgins acted with specific intent to kill Moore and, therefore, to support his voluntary manslaughter conviction. ***See Towles***, 208 A.3d at 1002 n.10. Accordingly, Widgins' first claim is without merit.

## **Weight of the Evidence**

In support of his challenge to the weight of the evidence to support his conviction, Widgins states that the jury failed to adequately consider that his actions were accidental and non-criminal in nature, and that the Commonwealth failed to prove beyond a reasonable doubt that Widgins specifically intended to harm Moore. Widgins' Brief at 15. He contends that the record showed he did not mean to harm Moore and that his vision was impaired because he had blood on his face from the fistfight. *Id.* According to Widgins, he was scared and trying to leave the scene to prevent Moore from harming him further. If his actions are not interpreted as an accident, he again alternatively suggests that he was justified in his use of force to protect himself. *Id.* at 15, 16. Additionally, Widgins argues that Beckford's credibility about that night is highly questionable. *Id.* at 17. Widgins argues that the jury gave misguided confidence to Beckford's testimony, as it was past midnight, dark outside, and she was picking up an Uber Eats order, which demonstrated that she was paying attention to her phone and not the incident. *Id.*

The following legal principles apply to a trial court's consideration of a challenge to the weight of the evidence supporting a conviction:

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would

not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

Thus, to allow an appellant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague[,] and uncertain that the verdict shocks the conscience of the trial court.

***Commonwealth v. Juray***, 275 A.3d 1037, 1046-47 (Pa. Super. 2022)

(quotation marks, citations, and brackets omitted).

Our standard of review for weight of the evidence claims, however,

differs from that of the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Id.*** at 1047 (citation omitted).

The trial court held Widgins' challenge to the weight of the evidence to be without merit, finding that "the evidence in this case was compelling and substantial, and strongly supported the verdict." ***See*** Trial Court Opinion, 02/05/2024, at 8.

- 9 -

We find no abuse of discretion in the trial court's determination. Widgins asks this Court to reweigh the evidence in his favor and find that his testimony is dispositive proof of his innocence. However, the jury is the arbiter of credibility, and is free to believe or disregard any part of a witness' testimony. *Juray*, 275 A.3d at 1046 (citation omitted). The jury heard the testimony, including Widgins' account of what occurred, weighed the evidence, and rendered a guilty verdict, which the trial court found was supported by the evidence presented. *See Commonwealth v. Page*, 59 A.3d 1118, 1130 (Pa. Super. 2013) (noting that "any conflict in the testimony goes to the credibility of the witnesses and is solely to be resolved by the factfinder"). Widgins' argument notwithstanding, it is not the role of this Court to reweigh the evidence. *Commonwealth v. Collins*, 70 A.3d 1245, 1251 (Pa. Super. 2013) (stating that "[a]n appellate court cannot substitute its judgment for that of the finder of fact") (citation omitted). Accordingly, we find the trial court did not abuse its discretion in denying Widgins' weight claim, and his second claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/8/2024

- 10 -